UNITED STATES DISTRICT COURT
for the
Northern District of Georgia
Atlanta Division

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 07 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

Milton Hoase
Plaintiff,

v.                                    Case Number: 22-CV-4429

Luane Marie Bonne
Defendant.

Wells Fargo Bank, N.A

Supplemental Information
Brief in Support of
Emergency Ex-parte Request
for a Temporary Restraining
Order

Signed

Milton Hoase
5036 Redcliff Court          11/7/2022
Atlanta, Georgia 30338

# IN THE SUPERIOR COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| MILTON HAASE<br>PLAINTIFF | ) ) ) | CASE: _____ |
| V. | ) ) ) | BRIEF IN SUPPORT OF |
| LUANNE MARIE BONNIE<br>DEFENDANT<br>&<br>WELLS FARGO BANK, N.A. | ) ) ) ) ) ) ) | EMERGENCY EX-PARTE MOTION<br>FOR A TEMPORARY<br>RESTRAINING ORDER ON<br>WELLS FARGO, N.A.<br>ALDRIDGE PITE, LLP |

**BRIEF IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR A TEMPORARY**

**RESTRAINING ORDER ON LUANNE BONNIE & WELLS FARGO BANK, N.A.**

BRIEF IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER

ON LUANNE BONNIE & WELLS FARGO BANK, N.A.

1

## BRIEF IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER ON LUANNE BONNIE

The goal and objective of an Emergency Ex-Parte Motion for a Temporary Restraining Order on Luanne Marie Bonnie for Injunctive Relief and to preserve status quo of the estate of Ann Locke Haase estate including her family home of 45 years and possessions while pending any future actions in law and equity are pursued. Immediate and irreparable injury, loss, or damage may occur should this application not be applied.

Marie Luanne Bonnie presents a clear and urgent threat to the estate of Ann Haase. There is a crucial need to prevent petitioner Milton Haase and heirs at law from immediate depredation, damage and being left without an adequate remedy at law. Petitioner requests that a Temporary Restraining Order be placed on any action Bonnie may attempt to take in the Estate of Ann Haase to include selling the primary home at 5036 Redcliff Court, Atlanta, GA. 30338 and trying to remove Milton Haase from the premises.

BRIEF IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER
ON LUANNE BONNIE & WELLS FARGO BANK, N.A.

Milton Haase has been living in the home of which he maintained a named beneficial interest, along with his brother David Haase, while caring for his mother and father in hospice. He has maintained the home, paid the utilities and property taxes and hired professional attorneys to seek to honor his father's wish to keep the home in the family. Beneficiaries, Milton and David Haase are protected by Federal law that uphold the beneficiaries' rights to assume the mortgage as commanded under the Consumer Financial Protection Bureau 2016 & 2018 amendments as seen in by 81 Fed. Reg. 72, 160 at 72, 165. Also, by the Truth in Lending Act "TILA" and the Real Estate Settlement Procedure Act. Beneficiaries' rights under the Garn - St. Germaine Act Assumption Notice. Beneficiaries have a substantial right to success in assuming the mortgage and liens upon the family home.

Luanne Marie Bonnie appears to have been appointed as Personal Representative to the Estate of Ann Haase in Dekalb County on October 21, 2022. Ms. Bonnie lack capacity for such a position as a result of the Federal Court's ruling as to her "unveiled" criminal threats and "lack of understanding" of the Bankruptcy

BRIEF IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER ON LUANNE BONNIE & WELLS FARGO BANK, N.A.

*"Equity, by a writ of injunction, may restrain proceedings in another or the same court, a threatened or existing tort, or any other act of a private individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law."*

GA Code § 9-5-1 (2020)

Preserving the status quo for a reasonable time will prevent any depredation and loss of an irreplaceable, one of a kind asset, the Haase family home of over 45 years. Petitioner will be able to pursue his Motion to Reconsider, file permanent injunction and exert his rights as a named beneficiary in addition to petitioner's Constitutional and State rights. Other beneficiaries to the estate will be permitted to exercise those same rights in their interest to the estate.

.

Plaintiff Milton Haase, Jr. also has a beneficial interest as an heir-at-law in the home as Ann Haase's son. Plaintiff Milton Haase Jr. seeks to preserve that right and assure the family assets are not negligently depleted. Ann Haase has not received notice that her belongings of a 83 year life span were to be sold and distributed in a 4 hour time span.

BRIEF IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER ON LUANNE BONNIE & WELLS FARGO BANK, N.A.

4

The sole children of Ann Haase, David and Milton Haase, are named beneficiaries in the Will and Estate of Ann Haase. Federal law grants them rights

## FACTS

Ann Haase was a resident of Dekalb County, Georgia for over 60 years. Ann Haase was preceded in death by her husband on January 21, 2019.

Plaintiff Milton Haase is the first-born child of Ann Locke Haase. Petitioner has a younger brother, David R Haase who is also the natural born child of Ann Haase.

At the time of her death Ann Haase was a ward of the State of Georgia.

Ann Haase's eldest born son, petitioner Milton Haase, went to the State of Georgia to request that his parents become wards of the state while he arranged to move back from the West Coast to take care of them while at in in-home hospice.

BRIEF IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER ON LUANNE BONNIE & WELLS FARGO BANK, N.A.

5

## ELEMENTS FOR AN INJUNCTION IN THE STATE OF GEORGIA

Plaintiff Milton Haase, Jr. will show that he can satisfy the four-part test requisite for the Court to issue a Preliminary Injunction and is proper per Georgia Code of Civil Practice on Injunctions GA Code § 9-5-1 (2020):

1.    there is a substantial real and immediate threat that the plaintiff will suffer irreparable injury without the injunction;

2.    the threatened injury to the plaintiff outweighs the threatened harm that the injunction may cause to the defendant;

3.    there is a substantial likelihood that the plaintiff will prevail on the merits; and

4.    there will be no disservice to the public interest.

These four points are recognized by Federal law (Federal Rule of Civil Practice P. 65) as well as the State of Georgia.

BRIEF IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER ON LUANNE BONNIE & WELLS FARGO BANK, N.A.

6

Although a trial court should consider these four factors, although according to the Georgia Supreme Court in *SRB Inv. Servs., 289 Ga. at 5, 709 S.E.2d at 271* from (2011) held that the <u>moving party does not have to prove all of them</u> in every case to obtain injunctive relief. Also cited by the Supreme Court of Georgia, *Lue, Mayor v. Eady, et al., No. S15A0117*, (2015). Moreover, a Preliminary Injunction may be issued event if a Defendant asserts a probable defense, *Martin Luther King, Jr. Center for Social Change, Inc. V. American Heritage Products, Inc. 1981, 508 F.* also, See also; *Dallas Cowboys Cheerleaders v. Scoreboard Posters, Inc., 600 F.2d 1184* (5th Cir. 1979)

## VENUE

Venue is proper in the Superior Court of Dekalb County, Georgia for an ex-parte Temporary Restraining Order as Petitioner Milton Haase permanently resides in Dekalb County Georgia. Likewise Luanne Marie Bonnie resides and works in Dekalb County Georgia as well.

BRIEF IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER ON LUANNE BONNIE & WELLS FARGO BANK, N.A.

*"Equity, by a writ of injunction, may restrain proceedings in another or the same court, a threatened or existing tort, or any other act of a private individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law."*

The case for the rights of Ann Haase and any heirs-at-law may also be pursued through Federal Courts for Constitutional issues such as lack of due process towards Plaintiff and ward Ann Haase as they were not given notice of the Petition to Sell and never permitted to object to the Court.

As shown from the facts contained herein, unless Defendant is immediately restrained from selling or dispossessing the Haase primary residence and personal property inside, named beneficiaries Milton Haase, Jr., and David Haase will suffer harm and damages as they address issues that cannot be remedied with monetary damages. Thus, they seek this equitable remedy. Furthermore, the Plaintiff will show in an upcoming lawsuit Wells Fargo acted with negligence and

BRIEF IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER ON LUANNE BONNIE & WELLS FARGO BANK, N.A.

8

malice by foreclosing on David and Milton Haase's Federal rights of successor in interest law under the Consumer Financial Protection Bureau "CFPB" April 2018 amendments to Regulation A for the Real Estate Settlement Procedures Act "RESPA" and Regulation Z of Truth in Lending Act.

Both named beneficiaries David Haase and Milton Haase, sons of Ann and Milton Haase are successors in interest by law and statute of the 12 Code of Federal Regulations "C.F.R". § 1024.31 (eff. April 19, 2018), Provision 2 & 3. That is, by their natural birth from Ann Haase whose interest transferred by will to David and Milton Haase at her death on March 28, 2022. As well as by a transfer where the spouse or children become an owner of the property

## FOUR SPECIFIC REQUISITE CONDITIONS TO OBTAIN AN INJUNCTION

**I)      There is a substantial threat that the plaintiff will suffer irreparable injury without the injunction**

BRIEF IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER ON LUANNE BONNIE & WELLS FARGO BANK, N.A.

9

The item in question is the sale of the Plaintiff's home of over 40 years in which contains irreplaceable family heirlooms and items. There exists a "real and immediate danger" that Plaintiff and ward Ann Haase will sustain a direct injury, (*US Supreme Court, City of Los Angeles v. Lyons, 461 U.S. 95* (1983)). There is no adequate remedy at law to this actual and imminent injury. The right to die in one's home is certainly the highest form of an injury not compensable with dollars or monetary awards. Likewise, for Plaintiff Milton Haase the emotional damage of not being able to fulfill his parent's dying wish to return home is an irreparable injury. ADD OLD WILL. Harm is imminent and any monetary awards at a later date could never make the Plaintiff whole again. Defendant Wells Fargo Bank, N.A., and by way of its successor or assigns Wells Fargo Home Mortgage and/or Wells Fargo Prime Equity are attempting to foreclose on a property where there is a named beneficiary resident Milton Haase on the property for over 4 years who has made payments to Wells Fargo in an attempt to protect his interest in the home. Likewise, he has paid for all utilities and maintenance from his own funds for his interest in the home. Wells Faro has illegally acted to Federal law, the Consumer Financial Protection Bureau rights of inheritors among others by preventing him from

BRIEF IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER ON LUANNE BONNIE & WELLS FARGO BANK, N.A.

assuming the loan. Likewise, the Plaintiff, maintains rights under the Garn St. Germain Act to include, but not as the sole basis for Plaintiff's claim, with the rights listed in the Garn St. Germain Act after which a due on sale clause may not be exercised.

As will be shown in an upcoming Federal lawsuit against Defendants, Wells Fargo refused to contact Milton Haase to perfect his rights in interest to the property despite having the Will of Ann Haase, Death Certificate, Affidavit of Next of Kin, Probate Court case numbers and other documents requested. Wells Fargo and its affiliates merely shuffled the issue among departments and geographies in an intentional effort to deprive Plaintiff Milton Haase of his right to modification and assumption.

Plaintiff requests this Temporary Injunction so as to maintain status quo while he seeks remedies in Federal Court and assumes payment on the Line of Equity and Mortgage loan.

BRIEF IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER ON LUANNE BONNIE & WELLS FARGO BANK, N.A.

11

**II)  The threatened injury to the plaintiff outweighs the threatened harm that the injunction may cause to the defendant**

The harm that might be incurred on the Defendant's side is negligible or non-existent compared for the potential harm incurred to Plaintiff's home of four decades with rights to possessions and real estate owned by Ann Haase and Milton Haase, Jr.  Psychological as well as physiological damages may result as a result of Wells Fargo Bank's actions to sell the family home of 40 years.  Defendants Wells Fargo and its assigns or successors can show little threatened harm should the home not be immediately sold.  In fact, there would be no family member to live in and maintain the home, thus decreasing the value of the estate of Ann Haase.

Defendant's attempt to foreclose on home are contrary to the Plaintiff's federal right to properly assume the home make payments and protect his named beneficiary interests in the property.

BRIEF IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER
ON LUANNE BONNIE & WELLS FARGO BANK, N.A.

**III)  There is a substantial likelihood that the plaintiff will prevail on the merits**

As stated above, without an opportunity to slow down the foreclosure on the family home, the beneficiaries may be deprived on an irreplaceable asset not substitutable by money.

An executor/personal representative is charged with a fiduciary duty to an Estate. Luanne Bonnie is Federal Court determined to "lack knowledge of Bankruptcy law" and to issue criminal "unveiled threats" to beneficiaries. She lacks capacity to carry out her fiduciary responsibilities in addition to knowledge of bankruptcy law as well".

Definition of a Fiduciary:

"*A fiduciary duty is the highest duty known to the law*". Venerable professor Mary F Radford of Georgia State University, Georgia Trusts and Trustees, § 9:1, p. 349 (2015-2016 Ed.)

BRIEF IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER

ON LUANNE BONNIE & WELLS FARGO BANK, N.A.

The much quoted opinion of Chief Justice Benjamin Cardozo in Meinhard v. Salmon, 249 N.Y. 458, 464, 164 N.E. 545 (1928) explains the exacting standard of undivided loyalty that is required:

"*Many forms of conduct permissible in a workaday world for those acting at arm's length are forbidden to those bound by fiduciary ties. A trustee is held to something stricter than the morals of the market place. Not honesty alone but the* <u>*PUNCTILIO OF AN HONOR THE MOST SENSITIVE IS THEN THE STANDARD OF BEHAVIOR*</u>" [capital and underline emphasis added by petitioner]

Cardozo continues, "*As to this there has developed a tradition that is unbending and inveterate. Uncompromising rigidity has been the attitude of courts of equity when petitioned to undermine the rule of undivided loyalty by the 'disintegrating erosion' of particular exceptions. Only thus has the level of conduct for fiduciaries been kept at a level higher than that trodden by the crowd. It will not consciously be lowered by any judgment of this court.*"

BRIEF IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER
ON LUANNE BONNIE & WELLS FARGO BANK, N.A.

14

An administrator (or executor) is an administrative representative of the deceased, with property and testamentary rights. "[The fiduciary] *is a quasi court officer and has the sacred duty of standing in the place of the deceased and administering the estate as directed*…. [The fiduciary] *is a trustee invested with a solemn trust to manage the estate under his control to the best advantage of those interested in it…. Nothing can be tolerated which comes into conflict or competition with the interests and welfare of those interested in the estate.*" Ringer v. Lockhart, 240 Ga. 82, 84-85, 239 S.E.2d 349, 351 (1977)

Under the exacting standards of a fiduciary relationship, Ms. Bonnie's lack of knowledge of bankruptcy law and her criminal threats almost certainly preclude her from overseeing the Estate of Ann Haase.

Milton Haase and David Haase, personally and as heirs-at-law, may be deprived of their Constitutional rights as well should Luanne Bonnie be allowed to be personal representative of the Estate of Ann Haase.

BRIEF IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER ON LUANNE BONNIE & WELLS FARGO BANK, N.A.

In 2019 Judge Wendy Hagenau found Bonnie guilty of Contempt of Court, making "unveiled threats", blackmail and "did not understand bankruptcy law" in *Holyfield v. Aldridge Pite*, LLP case number 16-67309 North Georgia District Federal Bankruptcy Court. EXHIBIT

**IV) There will be no disservice to the public interest.**

If granted, the injunction will not violate the public policy of the Georgia or Dekalb County where it is sought. In fact, the granting of such an injunction will demonstrate to personal representatives, executors, conservators the importance of carrying one's duties as a fiduciary. The judicial system will show personal representatives, executors, administrators and other trustees in Georgia that their fealty must be to the Estate and they are expected to preform to the level of care that a fiduciary requires.

Moreover, granting of this request will ensure that putative and actual personal representatives/executors of an estate may not threaten the beneficiaries as has been previously determined by Federal Court to be the case with

BRIEF IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER ON LUANNE BONNIE & WELLS FARGO BANK, N.A.

16

Luanne Marie Bonnie. This was in 2019 ruled in *Holyfield v. Aldridge Pite, LLP* case number 16-67309 North Georgia District Federal Bankruptcy Court, Judge Hagenau.

## SERVICE

Defendant Bonnie will be served by Dekalb County Marshall as well as a courtesy copy via US mail thus allowing her to respond to the charges. Once received, verification of service will be filed into this same case.

WHEREFORE, plaintiff prays for the following:

That the Court issue a Temporary Restraining Order and Preliminary Injunction prohibiting Luanne Marie Bonnie, or any agents thereof, from the marketing, sale, donation or disposal of the real property and any possessions of Ann Haase to include the primary residence at 5036 Redcliff Court, Dunwoody, GA 30338 for a minimum 30 (thirty) days. Also, that any other person or entity who is in "active concert or participation" with the Defendant Luanne Marie Bonnie be enjoined merely by being provided with notice of this injunction.    Defendants

BRIEF IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER ON LUANNE BONNIE & WELLS FARGO BANK, N.A.

17

request the Temporary Restraining Order to preserve the status quo (as per, inter-alia, *Hampton Island Founders, LLC v. Liberty Capital, LLC, Supreme Court of Georgia. No. S07A1567*, (2008) until such time as the Defendants can demonstrate to the Court that it warrants a Permanent Injunction in a soon to be filed Complaint against the Defendant.

Petitioner Milton Haase requests both actual and punitive damages be awarded him as a result of Bonnie's threatening behavior. In addition, petitioner requests appropriate attorney's fees should an attorney has been retained.

That upon said hearing in this cause that the Court issue a Temporary Restraining Order and preliminary Injunction prohibiting Bonnie, or any agents acting upon her authority, from selling, disposing of, leasing or transferring family heirlooms and the primary residence at 5036 Redcliff Court, Dunwoody, Georgia, 30338.

BRIEF IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER ON LUANNE BONNIE & WELLS FARGO BANK, N.A.

18

Respectfully submitted,

Signed, sworn and affirmed this _8_ of November, 2022

By: _____

           Milton Haase

5036 Redcliff Court
Atlanta, Georgia 30338
Tel: (650) 665-5600

BRIEF IN SUPPORT OF EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER

ON LUANNE BONNIE & WELLS FARGO BANK, N.A.

19